AO 91 (Rev. 08/09)  Criminal Complaint

# UNITED STATES DISTRICT COURT
for the
Northern District of New York

| | |
|---|---|
| United States of America<br>v.<br>Jay Goldman<br><br>*Defendant(s)* | )<br>)<br>)   Case No. 1:13-MJ-146(RFT)<br>)<br>)<br>) |

*U.S. DISTRICT COURT*
*FILED*
*APR 03 2013*
*AT____O'CLOCK*
*Lawrence K. Baerman, Clerk - Albany*

## CRIMINAL COMPLAINT

I, the complainant in this case, state that the following is true to the best of my knowledge and belief.

On or about the date(s) of   August 28, 2011   in the county of   Saratoga   in the   Northern   District of   N.Y., and elsewhere  , the defendant(s) violated:

| Code Section | Offense Description |
|---|---|
| Title 18 United States Code, Sections 1084(a) | Transmission of Wagering Information |

This criminal complaint is based on these facts:

☑ Continued on the attached sheet.

_____
*Complainant's signature*

Gary E. McMullen, Task Force Officer, FBI
*Printed name and title*

Sworn to before me and signed in my presence.

Date:   04/03/2013

_____
*Judge's signature*

City and state:   Albany, New York        Hon. Randolph F. Treece, U.S. Magistrate Judge
*Printed name and title*

## AFFIDAVIT IN SUPPORT OF CRIMINAL COMPLAINT

I, Gary McMullen, Affiant, being duly sworn, hereby depose and say that:

1. I am an Investigator with the Albany County Sheriff's Department, currently assigned to the Drug Interdiction Unit. I have been a member of the Albany County Sheriff's Office for approximately twenty-three years and have held the rank of Investigator for approximately thirteen years. In September, 2012, I was designated a Task Force Officer assigned to the Safe Streets Task Force with the Federal Bureau of Investigation (FBI), Albany Division. Prior to that, since August 24, 2011, I was designated as a Special Federal Officer assigned to the FBI. With both designations, I am an "investigative or law enforcement officer" within the meaning of Title 18, United States Code, Section 2510 (7), and am empowered by law to conduct Investigations of and to make arrests for offenses in violation of Title 18 of the United States Code. One of the functions of my police unit is to investigate violations of state and federal laws prohibiting the promotion of gambling activity and the possession of records thereof, together with other vice related criminal activities. In furtherance of that, I have received training on illegal gambling and bookmaking investigations and other vice related criminal activities.

2. Most of the information in this affidavit is drawn from the investigation, observations, and experience of your Affiant and other law enforcement officers participating in the investigation, many of whom have experience investigating Organized Criminal Enterprises. The statements contained in this affidavit are based, in part, on information directly known to your Affiant as well as information provided by other law enforcement officers participating in the investigation, either directly or indirectly through their reports, and surveillance conducted by law enforcement officers, or other information gathered by the analysis of telephone toll records or analysis of IP addresses obtained via Pen Register. Unless otherwise stated, the following is based on information and belief, the source of my information and the basis for my belief being firsthand information acquired as a result of my personal participation in this investigation, which means that I have observed some of the activity in question, and that I have received first-hand and reliable information from other law enforcement officials as part of and in furtherance of the investigation. Specifically, this investigation is being conducted by your Affiant along with Special Agents from the Federal Bureau of Investigation (FBI), the Internal Revenue Service (IRS), Investigators from the Albany County Sheriff's Office (ACSO), and the Broward County Sheriff's Office, Money Laundering Task Force (BCSOMLTF).

3. Because this Complaint is being submitted for the limited purpose of establishing probable cause, it does not include every fact that I have learned during the course of the investigation. Where the content of documents and the actions,

statements, and conversations of others are reported herein, they are reported in substance and in part, except where otherwise indicated.

## SUMMARY OF PROBABLE CAUSE

4. Based on the facts described below, there is probable cause to believe that:

    a. During the years 2009 through present, in the Northern District of New York and elsewhere, **Jay Goldman** together with others, being engaged in the business of betting and wagering, did knowingly and intentionally use a wire communication facility, that is: a cellular telephone, for the transmission in interstate and foreign commerce of information assisting in the placing of bets and wagers on a sporting event and contest, in violation of Title 18, United States Code, Section 1084(a)

5. In September, 2009, a Confidential Source known to your affiant (hereinafter, CS-1) approached investigators from the Albany County Sheriff's Office with information about an internet gambling ring operating in and around Albany and Saratoga Counties in New York, CS-1 has proven to be a reliable source of information. Not only has he/she provided me with information in connection with previous cases that I have been able to corroborate through independent investigation, but he/she has furnished information in this case that I have verified through independent corroboration consisting of audio and visual surveillance, access to gambling websites using information provided by CS-1, and other means as described below.

6. CS-1 identified the "administrator" of this Internet bookmaking scheme as Jay Goldman. Goldman a/k/a "Jay" or "Jay Bird" has residences in both New York and Florida. This has been verified during the course of the investigation from various records as well as surveillance conducted in both locations. Goldman resides at 39 Cliffside Drive, Saratoga Springs, New York and also at 7975 Merano Reef Lane in Lake Worth, Florida. Typically, Goldman resides at his Saratoga Springs residence during "track" season (Saratoga Race Course in Saratoga Springs, NY). During 2011, Goldman turned on his utilities at the Saratoga Springs residence on or about May 16, 2011. Goldman arrived at the Saratoga Springs residence on or about May 23, 2011. In 2011, Goldman returned to Florida on or about November 1, 2011.

7. CS-1 attributed his/her information about Goldman to one of Goldman's betting clients, (hereafter BC-1), who according to CS-1 frequently boasted of placing bets with Goldman through the internet gambling website known as www.bigonsports.com. BC-1 also advised CS-1 that he placed bets with Goldman through an internet gambling website (www.bigonsports.com) that

records and monitors the wagers of betting customers, configures the balances on each of the bettors' accounts, and leaves the bookmaker with the simple task of disbursing and collecting payments to the bettors. As with most bookmaking operations, the scheme described by BC-1 permits bettors to wager on professional sporting events, with the profit accruing to the bookmaker as a result of the imposition of a ten (10%) percent surcharge—commonly referred to as the "vig" or "juice"—for each bet.

8. To enlist CS-1 as a bettor, BC-1 supplied him/her with information about the internet gambling website www.bigonsports.com, the operation of which BC-1 imputed to Goldman, whom BC-1 also identified as the ultimate recipient of the proceeds from the illicit enterprise. In fact, BC-1 has repeatedly boasted to CS-1 of his involvement with Goldman in the online bookmaking scheme. Moreover, this information was corroborated by virtue of BC-1's contacting Goldman by cell phone in CS-1's presence to confirm the status of bets placed on the website www.bigonsports.com and to obtain permission to recruit individuals to place bets as part of the illegal bookmaking scheme.

9. During the instant investigation, we learned that one of Goldman's contacts in the aforementioned illegal gambling enterprise was a bookmaker from Plantation, Florida, named Alan Gould.

10. On August 22, 2011, the Saratoga County District Attorney made application for an eavesdropping warrant relative to the cellular telephone (518) 312-8935, which is owned by Cell-Co Partnership, d/b/a Verizon Wireless and listed to Jay Goldman, of 39 Cliffside Drive, Saratoga Springs, New York (Goldman Phone#1) and (561) 542-0203, which is owned by AT&T, and listed to Jay Goldman of 7975 Merano Reef Lane, Lake Worth, Florida (Goldman Phone #2). Judge Teresi signed the Orders on the same date, as well as an amended Order as to Goldman Phone #1.

11. Our investigation has determined that our information about Goldman's illicit partnership with Gould has increased exponentially since the onset of electronic surveillance on August 22, 2011. (Goldman Phone #1) We have made significant strides in substantiating Goldman's association with Gould in the operation of an internet bookmaking ring. Since the onsets of this investigation we have established that Goldman has used a multiple (up to 30) phones and his computer (Skype) to make contact with Alan Gould.

12. On August 28, 2011, we lawfully intercepted a phone call over Goldman Phone #1 between Goldman and Alan Gould involving a discussion about modifying the structure of bets. In the call, Gould raises the possibility of offering "action points" to bettors. Based on my training and experience, Gould is referring to the practice of permitting bettors to wager on the number of points by which a favorite will beat the point spread. The parties also discuss the application of "action points" to underdogs (i.e., "dog money"). Thus, a bettor using "action

points" would wager not on whether the favorite would beat the spread, but by how much. In this case, Gould and Goldman rejected the idea of using "action points" because doing so would "open a can of worms" (Call # 244 intercepted on Goldman Phone #1 on August 28, 2011).

## CONCLUSION

13. Based on the foregoing, the undersigned respectfully submits that there is probable cause to believe that **Jay Goldman** has engaged in the transmission of wagering information in violation of Title 18 U.S.C. Section 1084(a).

_____
Gary McMullen
Task Force Officer
Federal Bureau of Investigation

Sworn before me and subscribed in my presence
This __3__ day of April, 2013.

_____
Honorable Randolph F. Treece
United States Magistrate Judge